IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENDORA TURNER, Individually, and as Administratrix of the Estate of WILLIAM LEE TURNER, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> MERCK & CO., INC., a foreign Corporation, ANNE BRANDON, an individual, LAMONDE RUSSELL, an individual, *et al.*, <br><br> Defendants. | Case No.: 2:05cv702-M <br><br><br> Jury Trial Demanded <br><br> Removed from the Circuit Court of Bullock County, Alabama (CV-05-76) |

## NOTICE OF REMOVAL

TO:   The United States District Court for the Middle District of Alabama:

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Bullock County, Alabama, to the United States District Court for the Middle District of Alabama, and respectfully states to this Court as follows:

1.   This action involves allegations regarding the prescription drug VIOXX®. On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring 148 VIOXX® products liability cases to the United

States District Court for the Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. Merck intends to seek the transfer of this action to that Multidistrict litigation, *In re VIOXX Products Liability Litigation,* MDL No. 1657, and files contemporaneously herewith a motion to stay pending MDL transfer.

2.   On June 27, 2005, Plaintiff Glendora Turner ("Plaintiff") commenced a civil action against Merck, current and former Merck employees Lamonde Russell and Anne Brandon (collectively, the "sales representatives"), and fictitious defendants by filing a complaint (the "Complaint") in the Circuit Court of Bullock County, Alabama, bearing Civil Action No. 05-76.

3.   On or about June 29, 2005, Merck was served with a copy of Plaintiff's Complaint. On or about July 5, 2005, defendant Lamonde Russell was served with a copy of the Plaintiff's Complaint. Upon information and belief, Defendant Anne Brandon has not yet been served. A true and correct copy of the Summons and Complaint served on Merck and the contents of the state court file are collectively attached hereto as Exhibit A.

4.   For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

## I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.  This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of service on all properly served defendants.

6.  The United States District Court for the Middle District of Alabama (Northern Division) embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81 & 1441(a).

7.  All of the properly joined and served defendants consent to this removal.[1]

8.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summons and complaint, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the State Court in which the action is currently pending. A copy of Merck's filing in state court is attached hereto as Exhibit B.

---

[1] 28 U.S.C. § 1441(b) does not bar removal. It is well-settled that co-defendants who are fraudulently joined or not served need not join in the removal. *See Getty Oil Corp. v. Ins. Co. of N. Amer.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1222 n. 3 (M.D. Ala. 1999); *Williams v. Atl. Coast Line R.R. Co.*, 294 F. Supp. 815, 816 (S.D. Ga. 1968). The individual Defendants are fraudulently joined, *see infra*, and therefore need not consent to removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A. The Amount in Controversy Requirement Is Satisfied.

9. It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Since the Complaint seeks an unspecified amount of damages, Merck must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) (*quoting Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

10. In this case Plaintiff alleges that her decedent, William Turner, "suffered bodily injury and resulting pain and anguish, loss of capacity of the enjoyment of life, shortened life expectancy, expenses of hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and premature death" as a result of his usage of VIOXX®. Compl. ¶ 56. Plaintiff further seeks damages for loss of consortium. Based on these and other allegations, the Complaint seeks unspecified compensatory and punitive damages for the injuries and damages allegedly caused by VIOXX®. *See, e.g., id.* at ¶¶ 59-64.

11. Alabama juries in product liability cases routinely render verdicts in

4

excess of $75,000 exclusive of interest and costs. *See* Exhibit C. Further, Alabama appellate courts have upheld verdicts in excess of $75,000 in such cases. *Id.*

12. Moreover, in circumstances similar to this case, federal courts around the country have ruled that actions alleging personal injuries caused by VIOXX® meet the amount-in-controversy threshold. *See, e.g., Morgan v. Merck & Co.*, No. 3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*, No. L-03-134, slip op. at 1 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*, Civ. No. H-02-3139, slip op. at 1 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*, No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*, No. 02-0196, slip op. at 2 n.2 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*, Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5, 2002). These courts all were presented with complaints seeking damages for injuries caused by VIOXX®, and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

**B.**     There is Complete Diversity of Citizenship.

13. There is complete diversity as between Plaintiff and Merck, the only properly joined defendant.

14. Plaintiff is a citizen of the State of Alabama. Compl. at ¶ 2.

15. Merck is, and was at the time this suit was commenced, a corporation

5

organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

16. The Complaint includes a number of fictitious defendants, whose citizenship is ignored for removal purposes. 28 U.S.C. § 1441(a).

17. Plaintiff alleges that the sales representative defendants are residents of the State of Alabama. Compl. ¶¶ 5-6. However, these defendants are fraudulently joined, and, therefore, their citizenship must be ignored for removal purposes. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

18. A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (recognizing that a "reasonable" basis to predict that plaintiff could prevail on the claims against an in-state defendant requires more than a "theoretical" possibility). The Complaint includes claims for violation of the AEMLD (Count I), negligence (Count II), breach of express warranty (Count III), breach of implied warranty (Count IV), fraud (Count V), fraudulent misrepresentation (Count VI), wrongful

death (Count VII), and loss of consortium (Count VIII). For the reasons described below, there is no reasonable basis for predicting that Plaintiff could prevail on any of these claims to the extent they are asserted against the sales representatives.

19. Unfortunately, the fraudulent joinder of sales representatives has become a common tactic in pharmaceutical litigation to attempt to defeat diversity and thwart defendants' right to defend claims against them in Federal Courts. Nevertheless, two separate MDL courts have found, **applying Alabama law in the context of claims based on prescription medications**, that plaintiffs cannot pursue claims against sales representatives and that their joinder does not defeat diversity. *See, e.g., In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D. N.Y. 2001) ("*Rezulin I*"); *In re Baycol Products Litigation*, MDL 1431, Order dated March 26, 2004, attached hereto as Exhibit D. *See also Fowler v. Pharmacia & Upjohn et al.*, CV-04-PT-712-M, Order dated June 24, 2004, attached hereto as Exhibit E (denying motion to remand, citing *In re Rezulin* and *In re Baycol* opinions discussed herein).

20. The conclusions reached by these courts are equally applicable here. First, Plaintiff relies on nothing other than vague assertions regarding the sales representatives. While the Complaint devotes several pages to alleged facts relating generally to Merck sales representatives, it is largely devoid of any

7

specific allegations regarding what the individual defendants named in this case are alleged to have done, including no identification of the physician to whom they made any representations at all. *See generally* Complaint ¶ ¶ 41-53. This demonstrates that the sales representatives are fraudulently joined. *See, e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulently joined where "plaintiff failed to tie these defendants to the underlying allegations of the complaint"); *Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (There is "no better admission of fraudulent joinder of [the Resident Defendants]" than the failure of the Plaintiff "to set forth any specific factual allegations" against them.)

21.   Further, regardless of the lack of specificity of the claims against these individual defendants, Plaintiff cannot sustain her alleged claims against the sales representatives as a matter of law. Count I (Alabama Extended Manufacturers Liability Doctrine) does not state a viable claim for relief against them because the sales representatives are not "sellers" as required under the AEMLD. *Ala. Code* § 6-5-501 (1975) (defining "original seller" as "[a]ny person, firm, corporation . . . or other legal or business entity, which in the course of business or as an incident to business, sells or otherwise distributes a manufactured product (a) prior to or (b) at the time the manufactured product is first put to use by any person or business

entity who did not acquire the manufactured product for either resale or other distribution in its unused condition or for incorporation as a component part in a manufactured product which is to be sold or otherwise distributed in its unused condition"); *see also Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) ("the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product") (citing *Atkins v. Am. Motors Corp.*, 335 So. 2d 134 (Ala. 1976)). The AEMLD has not been extended to hold individual employees of sellers or manufacturers personally liable for defective products.

22. The sales representatives did not participate in the design, manufacture or testing of the product at issue. *See* Declaration of Lamonde Russell, attached hereto as Exhibit F. Pursuant to Alabama law, these individual employees are not "sellers" of the product at issue. *See Bowman v. Coleman Co.*, No. 96-0448-P-C (S.D. Ala. Sept. 3, 1996) (copy attached hereto as Exhibit G).

23. Counts III and IV (breach of implied and express warranties), also fail against the sales representatives because Alabama's adoption of the U.C.C. requires that the accused party be a "seller" to be liable for breach of warranty. *See Ala. Code* §7-2-103(1)(d) (defining "seller" as "a person who sells or contracts to sell goods"); *see also Ala. Code* §§7-2-313, 7-2-314 & 7-2-315 (both express and implied warranty claims refer to the creation of warranties by the "seller"); *Wellcraft Marine v. Zarzour*, 577 So. 2d 414 (Ala. 1990) (noting that Alabama

9

statutes defining the warranties of merchantability and fitness for a particular purpose both apply to the "seller").

24. Count II (negligence) must also be brought against "sellers" under Alabama law. In products liability actions premised on a negligence or wantonness theory, "[t]he defendant must be either the manufacturer or seller of the injury-producing article." *Norton Co. v. Harrelson,* 176 So. 2d 18, 20 (Ala. 1965). There is no liability under these two causes of action, however, where a defendant is merely the employee of a manufacturer or seller. *See, e.g., Galactic Employer Servs. v. McDorman*, 800 So. 2d 434 (Ala. 2003) (noting that a corporate officer or employee must have direct, personal participation in the challenged corporate activity to be held personally liable); *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.,* 496 So. 2d 774 (Ala. 1986) (same).

25. Counts V and VI (fraud and fraudulent misrepresentation) fail to state a claim against the sales representatives because the sales representatives have never met the Plaintiff or her decedent and have made no representations to her, her decedent, or the general public with regards to VIOXX®. *See* Declaration of Russell. These defendants are not physicians and have never prescribed the medication at issue in this case. *Id.*

26. As federal judges applying Alabama law have previously decided in cases with nearly identical allegations against the fraudulently joined defendants,

there is no possibility that Plaintiff can recover in state court against the sales representatives named in this case. For example, in the MDL related to the diabetes medication "Rezulin," Judge Kaplan of the Southern District of New York held on March 1, 2001, in a similar case involving a former Warner-Lambert sales representative from Alabama, that "[t]he sales representative joined in the Alabama Case neither manufactured, sold or supplied Rezulin" and "the absence of any alleged connection between the sales representative and plaintiff's decedent is fatal to all of the claims against the sales representative," of negligence, wantonness, failure to warn, AEMLD, and fraud, misrepresentation, and suppression. *In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D. N.Y. 2001) ("*Rezulin I*"). Accordingly, Judge Kaplan found that the individual sales representative defendant had been fraudulently joined and that plaintiff had stated no viable claim against him. Further, on October 16, 2001, again applying Alabama law, Judge Kaplan found that the sales representative's affidavit "in which he denies that he sold or took orders for Rezulin, marketed or advertised Rezulin to the general public, or had any direct dealings with plaintiffs" was sufficient to deny remand. *In re Rezulin Products Liability Litigation*, 168 F. Supp. 2d 136, 141 (S.D.N.Y. 2001) ("*Rezulin II*") (citing *Rezulin I*).

27. Subsequently, Judge Michael J. Davis of the United States District Court for the District of Minnesota denied remand in fourteen cases consolidated

in the MDL proceeding for the prescription drug Baycol on similar grounds. *See In re Baycol Products Litigation*, MDL 1431, Order dated March 26, 2004, attached hereto as Exhibit D (holding that individual sales representatives were not "sellers" under Alabama law, thereby defeating AEMLD, negligence, and warranty claims, and that the fraud claims were too vague to support a claim against these individuals). Judge Davis applied Alabama law to determine that individual sales representatives for the defendant GlaxoSmithKline who had been sued individually had been fraudulently joined in those fourteen cases. *Id. See also Fowler v. Pharmacia & Upjohn, et al.*, CV-04-PT-712-M, Order dated June 24, 2004, attached hereto as Exhibit E (denying motion to remand and granting motion to dismiss claims against employees of McKesson Medical Surgical, the distributor of a prescription product, citing *In re Rezulin* and *In re Baycol* opinions discussed herein).

28. Finally, the fraud claims fail to comply with Ala. R. Civ. P. 9(b), which requires that all averments of fraud shall be stated with particularity. Plaintiff "must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained" when pleading a fraud claim. *Anderson v. Clark*, 775 So. 2d 749, 752 n. 5 (Ala. 2000); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims

against "defendants" violated Rule 9(b) and resulted in finding of fraudulent joinder).

29. For all of these reasons, the sales representatives have been fraudulently joined, and their citizenship is due to be disregarded for purposes of assessing diversity jurisdiction.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of Bullock County, Alabama, bearing civil action number CV-05-76, to this Court, pursuant to 28 U.S.C. § 1441.

DATED this 29th day of July, 2005.

R. Austin Huffaker, Jr.
One of the Attorneys for Defendant,
Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock
Benjamin C. Wilson
R. Austin Huffaker, Jr.
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 263-4157

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 29th day of July 2005, as follows:

Andy D. Birchfield, Jr.
J. Paul Sizemore
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

_____
OF COUNSEL