## IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| **GLENDORA TURNER, individually,** <br> **and as Administratrix of the Estate of** <br> **WILLIAM LEE TURNER, deceased,** | * <br> * <br> * <br> * |
| **Plaintiff.** | * <br> * <br> * |
| **v.** | * <br> * |
| **MERCK & CO., INC., a foreign** <br> **Corporation; ANNE BRANDON, an** <br> **Individual; LAMONDE RUSSELL, an** <br> **Individual; and fictitious defendants** <br> **A, B, C & D, being those persons, firms** <br> **or Corporations whose fraud, scheme to** <br> **defraud, and/or other wrongful conduct** <br> **caused or contributed to the Plaintiff's** <br> **injuries and damages, and whose true** <br> **names and identities are presently** <br> **unknown to Plaintiff, but will be** <br> **substituted by amendment when** <br> **ascertained,** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| **Defendants.** | * <br> * |

**CASE NO.** _CV-05-76_

**JURY TRIAL DEMANDED**

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**

**Merck & Co., Inc.**
**The Corporation Company**
**2000 Interstate Park Drive, Suite 204**
**Montgomery, AL 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

**EXHIBIT**
**A**

J. Paul Sizemore
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
**Post Office Box 4160**
**Montgomery, Alabama 36103-4160**

the attorney for the Plaintiffs.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.   You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: _6/27/05_

Circuit Clerk

## IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

GLENDORA TURNER, individually,     *
and as Administratrix of the Estate of     *
WILLIAM LEE TURNER, deceased,     *
                                                   *

    Plaintiff.     *
                                                   *

v.     *     CASE NO. _CV-05-76_
                                                   *

MERCK & CO., INC., a foreign     *
Corporation; ANNE BRANDON, an     *
Individual; LAMONDE RUSSELL, an     *
Individual; and fictitious defendants     *
A, B, C & D, being those persons, firms     *
or Corporations whose fraud, scheme to     *
defraud, and/or other wrongful conduct     *     **JURY TRIAL DEMANDED**
caused or contributed to the Plaintiff's     *
injuries and damages, and whose true     *
names and identities are presently     *
unknown to Plaintiff, but will be     *
substituted by amendment when     *
ascertained,     *
                                                   *

    Defendants.     *

## <u>SUMMONS</u>

    This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

    **NOTICE TO:**

**Anne Brandon**
**7 Lauderhill**
**Tuscaloosa, AL 35406**

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

J. Paul Sizemore
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
**Post Office Box 4160**
**Montgomery, Alabama 36103-4160**

the attorney for the Plaintiffs.   THIS ANSWER MUST BE MAILED OR DELIVERED
WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS
AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY
DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS
DEMANDED IN THE COMPLAINT.   You must also file the original of your Answer with the
Clerk of this Court within a reasonable time afterward.

DATED:   6/27/05

Circuit Clerk

# IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

GLENDORA TURNER, individually,       *
and as Administratrix of the Estate of     *
WILLIAM LEE TURNER, deceased,       *
                                *

      Plaintiff.                   *
                                *

v.                               *     CASE NO. *CV-05-76*
                                *

MERCK & CO., INC., a foreign         *
Corporation; ANNE BRANDON, an     *
Individual; LAMONDE RUSSELL, an   *
Individual; and fictitious defendants   *
A, B, C & D, being those persons, firms   *
or Corporations whose fraud, scheme to   *
defraud, and/or other wrongful conduct   *     **JURY TRIAL DEMANDED**
caused or contributed to the Plaintiff's   *
injuries and damages, and whose true   *
names and identities are presently     *
unknown to Plaintiff, but will be       *
substituted by amendment when       *
ascertained,                       *
                                *

      Defendants.               *

## SUMMONS

      This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

      **NOTICE TO:**

                        **Lamonde Russell**
                        **102 Amanda Place**
                        **Pelham, AL 35124**

      The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

J. Paul Sizemore
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

the attorney for the Plaintiffs.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.   You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: _6/27/05_

_____
Circuit Clerk

## IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

GLENDORA TURNER, Individually,     *
and as Administratrix of the Estate of     *
WILLIAM LEE TURNER, deceased,     *
        *
       Plaintiff.     *
        *
v.     *
        *
MERCK & CO., INC., a foreign     *
Corporation; ANNE BRANDON, an     *
Individual; LAMONDE RUSSELL, an     *
Individual; and fictitious defendants     *
A, B, C & D, being those persons, firms     *
or Corporations whose fraud, scheme to     *
defraud, and/or other wrongful conduct     *
caused or contributed to the Plaintiff's     *
injuries and damages, and whose true     *
names and identities are presently     *
unknown to Plaintiff, but will be     *
substituted by amendment when     *
ascertained,     *
        *
       Defendants.     *

FILED IN OFFICE

JUN 2 7 2005

CLERK-REGISTER, BULLOCK CO., ALA.

CASE NO. _CV-05-76_

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW, Glendora Turner, ("Plaintiff"), complaining of Merck & Co., Inc.,

individual sales representatives Anne Brandon and Lamonde Russell, and fictitious defendants

A, B, C & D, ("Defendants"), and for Plaintiff's cause of action against the Defendants states as

follows:

### Statement Of The Parties

1.      This is a civil action brought by Plaintiff Glendora Turner, on behalf of her

decedent, William Lee Turner, for his death and pre-death injuries and suffering. Plaintiff's

decedent was prescribed and used the prescription medication VIOXX (Rofecoxib). This action

seeks monetary damages for personal injuries and wrongful death caused by the prescription

medication VIOXX (Rofecoxib) ingested by Plaintiff's decedent.

2.      Plaintiff Glendora Turner is over the age of 19 years and is a resident of Bullock

County, Alabama.

3.      Plaintiff's decedent, William Lee Turner, was an adult resident of Bullock

County, Alabama at the time of his death.

4.      Defendant Merck & Co., Inc. (hereinafter referred to as "Merck"), is incorporated

in the State of New Jersey and has its principal place of business in White House Station, New

Jersey. At all times relevant herein, Merck was in the business of designing, testing,

manufacturing, labeling, advertising, marketing, promoting, selling and distributing

pharmaceuticals and other products, including VIOXX. Merck does business by agent in

Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted,

sold and/or distributed VIOXX in Bullock County, Alabama. Defendant Merck can be served

through its registered agent: Corporation Process Company, 2000 Interstate Park Drive, Suite

204, Montgomery, AL 36109.

5.      Based upon information and belief, Defendant Anne Brandon is a district sales

manager for Defendant Merck, and is a resident of Tuscaloosa County, Alabama. Defendant

Anne Brandon can be served at her home address: 7 Lauderhill, Tuscaloosa, AL 35406.

6.      Based upon information and belief, Defendant Lamonde Russell is a sales

representative for Defendant Merck, and is a resident of Shelby County, Alabama. Defendant

Lamonde Russell can be served at his home address: 102 Amanda Place, Pelham, AL 35124.

7.    Fictitious Defendants A, B, C & D, are other legal persons (including retailers, pharmacies, sales representatives and manufacturers) who manufactured, labeled, advertised, marketed, promoted, sold and/or distributed VIOXX in Alabama.

8.    When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint, all of whom are jointly and severally liable to Plaintiff for Plaintiff's decedent's injuries and death.

9.    At all times material to this complaint, each Defendant acted as an agent for each of the other Defendants, within the course and scope of the agency, regarding the acts and omissions alleged herein, and are therefore jointly and severally liable to Plaintiff for Plaintiff's decedent's injuries and death.

### Statement Of The Facts

10.    This is a civil action brought by the Plaintiff, Glendora Turner, both individually and on behalf of her husband, as the widow of the deceased, William Lee Turner, who was prescribed and used the prescription medication VIOXX (Rofecoxib) causing him to suffer a heart attack and death on June 30, 2003.

11.    Personal jurisdiction and subject matter jurisdiction are appropriate in this court to all Defendants, as all Defendants have sold VIOXX in Alabama, in or near Bullock County, either directly or by agent, with the actual or constructive knowledge that the VIOXX they sold would ultimately be ingested by the Plaintiff's decedent, William Lee Turner, in Bullock County, the Plaintiff's decedent's county of residence, and therefore all Defendants have thus availed themselves of this jurisdiction.

12.    The Defendants have sold VIOXX in Alabama, in or near Bullock County, either directly or by agent, with knowledge, actual or constructive, that the VIOXX they sold would

- 3 -

ultimately be ingested by the Plaintiff's decedent, William Lee Turner, in Bullock County, the

Plaintiff's decedent's county of residence, and that any damage or injury to William Lee Turner

that may result from his use of VIOXX, including heart attack and/or death, would result from

his ingestion of VIOXX in Bullock County. Thus venue is therefore proper in Bullock County

as to all Defendants pursuant to Ala. Code Ann. § 6-3-2. The claims of the Plaintiff herein

satisfy the jurisdictional amount of this Court.

13.     VIOXX (Rofecoxib) is a prescription drug designed to treat pain through reduced

inflammation; VIOXX (Rofecoxib) is a cox-2 selective non-steroidal anti-inflammatory agent

(NSAID). Defendants did manufacture, design, package, market, sell and distribute this drug.

The Defendants encouraged the use of this drug through an aggressive marketing campaign,

including through its detail sales representatives and direct-to-consumers. Defendants

misrepresented the safety and effectiveness of this drug and concealed or understated its

dangerous side effects. Defendants' actions combined and contributed to cause Plaintiff's

decedent's injuries, and thus are jointly and severally liable.

14.     At all times relevant hereto, Defendants actually knew of the defective nature of

their product as herein set forth, yet continued to design, manufacture, market, distribute and sell

their product so as to maximize sales and profits at the expense of the general public's health and

safety in conscious disregard of the foreseeable harm caused by these products. Defendants'

conduct exhibits such an entire want of care as to establish that their actions were a result of

fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's

decedent's individual rights, and hence punitive damages are appropriate.

15.     William Lee Turner was prescribed and used the prescription medication VIOXX

(Rofecoxib) for 21 months before suffering a fatal heart attack on June 30, 2003. William Lee

Turner ingested the prescription medication VIOXX (Rofecoxib) in Bullock County, Alabama and the damage and injuries resulting from William Lee Turner's use of the prescription medication VIOXX (Rofecoxib) occurred in Bullock County, Alabama. William Lee Turner was 56 years old at the time of his death.

## COUNT I – STRICT LIABILITY

16.     Plaintiff alleges all prior paragraphs of this complaint as if fully set out herein.

17.     The pharmaceutical VIOXX (Rofecoxib) designed, manufactured, sold and/or supplied by Defendant, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

18.     Further, the pharmaceutical VIOXX (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by Defendant was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign.

19.     The pharmaceutical VIOXX (Rofecoxib) designed, manufactured, distributed, sold, and/or supplied by Defendant was defective due to inadequate testing.

20.     Additionally, Defendant failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from VIOXX (Rofecoxib). The defective nature of this product was a contributing cause of William's injuries and death.

WHEREFORE, the Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT II – NEGLIGENCE

21.     Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

22.     Defendant had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of VIOXX (Rofecoxib) into the stream of commerce. Defendant failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/or distribution of VIOXX (Rofecoxib) into the stream of commerce. Defendant knew or should have known that VIOXX (Rofecoxib) created an unreasonable risk of bodily harm, including the risk of death.

23.     Despite the fact that the Defendant knew or should have known that VIOXX (Rofecoxib) caused unreasonably, dangerous side effects which many users would be unable to remedy by any means, the Defendant continued to market VIOXX (Rofecoxib) to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

24.     Defendant knew or should have known that consumers such as William would foreseeably suffer injury or death as a result of the Defendants' failure to exercise ordinary care as described herein. Defendants' negligence was a contributing cause of William's injuries and death.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.


## COUNT III – BREACH OF EXPRESS WARRANTY

25.     Plaintiff realleges all prior paragraphs of this complaint as if fully set out hereto.

- 6 -

26.     Defendants made express representations to William relative to its product, VIOXX (Rofecoxib).

27.     Defendant Merck, through its detail sales representatives, made representations regarding the safety and efficacy of its product, VIOXX (Rofecoxib).

28.     VIOXX (Rofecoxib) does not conform to the express representations made to William.

29.     VIOXX (Rofecoxib) does not conform to the express representations made by the Defendant Merck's agents/sales representatives.

30.     Defendant's conduct in this matter was a contributing cause of William's injuries and death.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.


## COUNT IV – BREACH OF IMPLIED WARRANTY

31.     Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

32.     At the time Defendant marketed, sold and distributed VIOXX (Rofecoxib) for use by the general consuming public, including William, the Defendant knew of the use for which VIOXX (Rofecoxib) was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

33.     William reasonably relied upon the skill and judgment of the Defendant as to whether VIOXX (Rofecoxib) was of merchantable quality, and safe and fit for its intended use.

- 7 -

34.    Contrary to such implied warranty, VIOXX (Rofecoxib) was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used as described above.

35.    Defendant's conduct in this regard was a contributing cause of William's injuries and death.

WHEREFORE, the Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.


## COUNT V – FRAUD

36.    Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

37.    Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX (Rofecoxib) was safe and effective.  Defendants represented VIOXX (Rofecoxib) as safe so that the general consuming public, including William, would rely upon said representations when purchasing said product.

38.    Prior to and following the introduction of VIOXX (Rofecoxib) into the market as a prescribable pharmaceutical medication, Defendants set in motion a campaign to market its product.  Defendants' representations made concerning VIOXX (Rofecoxib) as a safe and effective drug were made so that William and the general consuming public would rely on said representations and take this drug.  In fact, William did rely on Defendants' representations in this regard.

39.    At the time Defendants made these representations, they were aware that these representations were false and/or made these representations with reckless disregard to their

- 8 -

truth. As a result of Defendants' fraud and misrepresentation, William suffered injuries and death.

WHEREFORE, the Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT VI – FRAUDULENT MISREPRESENTATION

40.     Plaintiff re-alleges and incorporates the original complaint and all prior paragraphs of this amended complaint as if fully set out herein.

41.     Defendant Merck trained its sales representatives, through programs such as the "VIOXX Obstacle Dodge Ball Program," the "Obstacle Response Guide for VIOXX" and "Top Ten Obstacle Handlers" to misstate and misrepresent the truly dangerous nature of VIOXX to prescribing physicians.

42.     These programs were specifically designed and promulgated by Defendant Merck to train Merck sales representatives such as the individual defendants Anne Brandon and Lamonde Russell to mislead prescribing physicians about the safety of VIOXX.

43.     These programs were specifically designed and promulgated by Defendant Merck to mislead prescribing physicians about the life threatening side effects, including myocardial infarction, of VIOXX.

44.     Defendant Merck trained its sales representative force, including Anne Brandon and Lamonde Russell, to utilize its "Dodge Ball" and "Obstacle Avoidance" programs during the sales representatives' interactions with or "calls" upon prescribing physicians.

45.     These programs were utilized by sales representatives Anne Brandon and Lamonde Russell to "dodge" relevant safety questions by physicians to whom they sold VIOXX.

Indeed, these programs provide specific responses and representations that are to be made by Merck sales representatives to physicians during sales calls or in response to physician questions. These Merck mandated responses misrepresented the safety of VIOXX.

46.    The VIOXX Obstacle Dodge Ball Program identifies and categorizes physician safety questions as "obstacles" to Merck's sales force. (Exhibit A). The "Dodge Ball" program specifically instructs sales representatives, including Anne Brandon and Lamonde Russell, to "dodge" these physician safety related questions/obstacles. Indeed, the last few pages of the "Dodge Ball" instruction manual simply state "DODGE," "DODGE," and "DODGE." Id. The safety questions to be "dodged" by sales representatives, including Anne Brandon and Lamonde Russell, include, inter alia, questions such as, "I am concerned about the cardiovascular effects of VIOXX," and "The competition has been in my office telling me that the incidence of heart attacks is greater with VIOXX than Celebrex." Id.

47.    Additional sales representative guidelines provide specific answers to physician questions/obstacles (such those noted above) that were to be recited by sales representatives, including Anne Brandon and Lamonde Russell. (Exhibits B and C). Exhibit C outlines the "Top Ten Obstacle Handlers" for sales representatives (Exhibit C). The top three "obstacles" listed on the sales guidelines are physician safety questions involving VIOXX related "Cardiovascular Events." (Exhibit C). Sales representatives, including, Anne Brandon and Lamonde Russell are thereafter provided with specific misrepresentations to make to the concerned physicians about the safety of VIOXX. For example, bulletins from Merck to its sales representatives state, "in response to recent published reports about VIOXX on May 1, 2000, we provided you with an approved verbal response to use to address customers questions around the incidence rate of MI's [myocardial infarctions] on patients taking VIOXX…" (Exhibit D: Bulletin for VIOXX:

New PIRs Relative to VIOXX GI Outcomes Research Study.)  Sales representatives, such as,

Anne Brandon and Lamonde Russell were therefore required to misrepresent that VIOXX does

not increase the rate of myocardial infarctions' when compared with NSAID's.  This

misrepresentation is false and inaccurate, yet was intentionally, knowingly, recklessly, wantonly

and/or negligently made to treating physicians, including William's prescribing physician, by the

individually named sales representatives, Anne Brandon and Lamonde Russell.  (Exhibit C,

Obstacle Response 38; and Exhibit E, page 7; "Bulletin for VIOXX").

48.     Defendant Merck's sales representatives, specifically, Anne Brandon and

Lamonde Russell utilized the misrepresentations contained in the obstacle avoidance programs to

mislead William's treating physician concerning the safety of VIOXX and the occurrence of life

threatening side effects, such as myocardial infarctions, from the usage of VIOXX.

49.     Defendant Merck and the individually named sales representatives further

misrepresented the safety of VIOXX to prescribing physicians by providing written literature to

the doctors that contained false statements about VIOXX's safety.  Such literature would be

forwarded to the physician who posed questions/obstacles to the sales representatives after the

sales representatives had concluded their meeting with the physicians.  Exhibit G is the specific

"In Response To Your Questions" follow-up literature that misrepresents VIOXX's

cardiovascular safety.  (Exhibit G; " In Response To Your Questions: Cardiovascular System").

50.     Sales representatives, including Anne Brandon and Lamonde Russell, were also

ordered to send follow-up letters to physicians with whom they met who had posed

questions/obstacles.  Exhibit H is an example of a form sales representative letter to a

questioning physician that misrepresents that VIOXX does not increase the risk of adverse

cardiovascular events in users.  (Exhibit H.)

51.    The culture of misrepresenting the safety of VIOXX by Merck and its sales

representatives, including Anne Brandon and Lamonde Russell, was so prevalent that the false

and misleading "Obstacle Responses" used by the sales force were manipulated and altered in

response to media scrutiny concerning the cardiovascular safety of VIOXX. (Exhibit I: "Action

Required: Response to New York Times Article" and Exhibit J: "Action Required" REVISED

Response to New York Times Article"). Merck sales representatives utilized such Obstacle

Response Revisions to continually mislead prescribing physicians, including William's

prescribing physician, about the safety hazards of VIOXX.

52.    The underlying inducement for both Merck and its sales representatives, including

Anne Brandon and Lamonde Russell, to make repeated misrepresentations to physicians about

the safety of VIOXX was, and still is, money. The more doctors prescribing VIOXX, the more

money Merck made. The more doctors the sales representatives, such as Anne Brandon and

Lamonde Russell, cajoled into prescribing VIOXX, the more money and non-monetary bonuses

the sales representatives received. (Exhibits K: "Field Incentive Plan for VIOXX"; and L: "Field

Incentive Plan for VIOXX."). Thus, sales representatives, such as Anne Brandon and Lamonde

Russell, had a financial interest in propagating and promulgating the false and misleading

information (i.e., obstacle responses) outlined above to as many prescribing physicians as

possible, including William's prescribing physician.

53.    Both William and his prescribing physician reasonably relied, to their detriment,

upon the false oral and written misrepresentations of Merck, Anne Brandon and Lamonde

Russell concerning the safety of VIOXX and the absence of adverse cardiovascular events in

users. Such reasonable reliance induced William's treating physician to prescribe him VIOXX

and further induced William to utilize the dangerous drug VIOXX. As a direct and proximate

result of William's usage of VIOXX he suffered a heart attack and died.  Such event has caused

the Plaintiff great pain and suffering, mental anguish, through the loss of the consortium and

companionship of her husband.

## COUNT VII – WRONGFUL DEATH

54.     Plaintiff repeats and realleges each of the allegations contained in the Complaint.

55.     Plaintiff brings this claim on behalf of William's lawful beneficiaries.

56.     As a direct and proximate result of the conduct of Defendants and/or the defective

nature of VIOXX (Rofecoxib), William suffered bodily injury and resulting pain and anguish,

loss of capacity of the enjoyment of life, shortened life expectancy, expenses of hospitalization,

medical nursing care and treatment, loss of earnings, loss of ability to earn money, and premature

death.

57.     As a direct and proximate result of Defendants' wrongful conduct, William

incurred hospital, nursing, and medical expenses.  William's beneficiaries have incurred hospital,

nursing, medical, funeral and estate administration expenses as a result of William's death.

Plaintiff, as wrongful death beneficiary of William, brings this claim on behalf of William's

lawful beneficiaries for these damages and for all pecuniary losses sustained by said

beneficiaries.

58.     By reason of the foregoing, Plaintiff has been damaged by the wanton and willful

recklessness of these Defendants who will be liable to Plaintiff.  The amount sought herein

exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction

over this matter.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## VIII – LOSS OF CONSORTIUM

59.    Plaintiff alleges all prior paragraphs of this complaint as if fully set out herein.

60.    Alabama recognizes a spouse's claim for loss of consortium where, due to injury or death, a spouse has been deprived of the services of the other spouse.  Loss of consortium encompasses two basic elements of the marital relationship:  loss of support and loss of society, which includes companionship.

61.    At the time of his injuries and death, William Lee Turner and Glendora Turner were legally married under the laws of the State of Alabama.

62.    Due to the injuries and death of William Lee Turner, because of the actions of the Defendants, the Plaintiff Glendora Turner has suffered and will continue to suffer a loss of consortium.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## DAMAGES

63.    Upon the trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a direct and proximate result of Defendants' conduct individually, separately, and in concert; and Plaintiff will respectfully request the Court and jury to determine the amount of loss Plaintiff has suffered and incurred, in the past and in the future, not only from

a financial standpoint, but also from the loss of the consortium and companionship of her husband.

64.     At all times relevant hereto, Defendants actually knew of the defective nature of their product as herein set forth and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this product. Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of the Plaintiff's individual rights. The Plaintiff, therefore, is entitled to punitive damages from the corporate Defendants.

65.     Plaintiff hereby requests a trial by jury on all issues in this case and hereby

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon final trial herein, Plaintiff recovers damages as set forth above from Defendants, including cost of Court, pre-judgment and post-judgment interest at the legal rates, and punitive damages, and that Plaintiff has such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and attending circumstances.

Done this ___24___ day of ___June___, 2005.

ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ004)
Attorneys for Plaintiff

**OF COUNSEL:**

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160
Phone: (334) 269-2343
Fax:    (334) 223-1236

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES**

# IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| **GLENDORA TURNER, individually,**<br>**and as Administratrix of the Estate of**<br>**WILLIAM LEE TURNER, deceased,** | * <br> * <br> * <br> * |
| **Plaintiff.** | * <br> * |
| **v.** | * CASE NO. _CV-05-76_ <br> * |
| **MERCK & CO., INC., a foreign**<br>**Corporation; ANNE BRANDON, an**<br>**Individual; LAMONDE RUSSELL, an**<br>**Individual; and fictitious defendants**<br>**A, B, C & D, being those persons, firms**<br>**or Corporations whose fraud, scheme to**<br>**defraud, and/or other wrongful conduct**<br>**caused or contributed to the Plaintiff's**<br>**injuries and damages, and whose true**<br>**names and identities are presently**<br>**unknown to Plaintiff, but will be**<br>**substituted by amendment when**<br>**ascertained,** | * <br> * <br> * <br> * <br> * <br> * <br> * **JURY TRIAL DEMANDED** <br> * <br> * <br> * <br> * <br> * <br> * |
| **Defendants.** | * |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
## REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT MERCK & COMPANY, INC.

Pursuant to Rule 33 and 34 of the *Alabama Rules of Civil Procedure*, the Plaintiff

propounds the following interrogatories and requests for production of documents to be

answered by Defendant Merck & Company, Inc, a Party Defendant, in the manner and form

prescribed by law:

behalf, that was transmitted or communicated from Defendant Merck to any news

industry or financial industry representative, or with the knowledge that the ultimate

recipient would be a person acting for or on behalf of any person, firm or corporation

within the news or financial industry.  This request is intended to included, but not be

limited to, all communications by or on behalf of defendant and members of the print and

broadcast news industry and the members of the financial industry; including, but not

limited to, news, press or financial information; product launch information; or

INDA/NDA information disseminated to ABC, NBC, CBS, CNBC, FOX, Fox News,

The Wall Street Journal, Fortune Magazine, Money Magazine, any other financial or

non-financial newspaper, periodical or publication, any bank, brokerage house/firm, or

other financial institution or institutional investment corporation, whether for purposes of

stock/bond underwriting, pursuant to financing conditions of underwriting or not, or for

general dissemination of product news.


_____
ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ004)
Attorneys for Plaintiff


**OF COUNSEL:**

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone  (334) 269-2343
Fax     (334) 223-1236

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing document with the Circuit Clerk along with the Summons and Complaint on this the _____ day of _____, 2005.

```
 AVS0351                                              CV 2005 000076.00

                                          UDGE: HON. BURT SMITHART

                    ALABAMA JUDICIA  DATA C   TER
                       CASE ACTION SUMMARY
                         CIRCUIT CIVIL

   IN THE CIRCUIT  COURT OF  BULLOCK      COUNTY

   GLENDORA TURNER, INDIV; ETC VS MERCK & CO., IN   ET AL
 FILED:  06/27/2005 TYPE: WRONGFUL DEATH      TY  TRIAL: JURY     TRACK:

 *****************************************  ****************************
 DATE1:           CA:             CA DAT
 DATE2:           AMT:        $.00  PAYMENT:
 DATE3:
 ****************************************** ****************************
 PLAINTIFF  001: TURNER GLENDORA, INDIVIDUALLY & AS ADMINISTRATRIX
                 OF THE ESTATE OF WILLIAM  ATTORNEY: SIZEMORE JAMES PAUL
                 LEE TURNER, DECEASED       SIZ004     P. O. BOX 4160
                  AL  00000-0000
                 PHONE: (334)000-0000               MONTGOMERY, AL  36103
 ENTERED:  06/27/2005 ISSUED:          TYPE:              (334)269-2343
 SERVED:              ANSWERED:            JUDGEMENT:

 DEFENDANT  001: MERCK & COMPANY, INC
                 THE CORPORATION COMPANY   ATTORNEY:
                 2000 INTERSTATE DR, STE 2
                 MONTGOMERY, AL  36109-0000
                 PHONE: (334)000-0000
 ENTERED:  06/27/2005 ISSUED: 06/27/2005 TYPE:    CERTIFIED
 SERVED:              ANSWERED:            JUDGEMENT:

 DEFENDANT  002: BRANDON ANNE
                 7 LAUDERHILL               ATTORNEY:

                 TUSCALOOSA, AL  35406-0000
                 PHONE: (334)000-0000
 ENTERED:  06/27/2005 ISSUED: 06/27/2005 TYPE:    CERTIFIED
 SERVED:              ANSWERED:            JUDGEMENT:

 DEFENDANT  003: RUSSELL LAMONDE
                 102 AMANDA PLACE           ATTORNEY:

                 PELHAM, AL  35124-0000
                 PHONE: (334)000-0000
 ENTERED:  06/27/2005 ISSUED: 06/27/2005 TYPE:    CERTIFIED
 SERVED:              ANSWERED:            JUDGEMENT:
```

6/27/05 - Summons + Complaint filed; With Plaintiff's First Set of Interrogatories And Request for Production of Documents to Def #1, Forwarded by C. M.

```
 CEC   06/27/2005                                    CV 2005 000076.00
```

```
AVS0352                              CASE: CV 2005 000076.00
                                     JUDGE: HON. BURT SMITHART

              ALABAMA JUDICIAL DATA CENTER
              CASE ACTION SUMMARY CONTINUATION
                     CIRCUIT CIVIL

   IN THE CIRCUIT COURT OF  BULLOCK      COUNTY

   GLENDORA TURNER, INDIV; ETC VS MERCK & CO., INC; ET AL
 FILED:  06/27/2005 TYPE:  WRONGFUL DEATH      TYPE TRIAL:  JURY      TRACK:
********************************************************************************
 DATE1:              CA:                  CA DATE:
 DATE2:              AMT:          $.00 PAYMENT:
********************************************************************************
```

CEC   06/27/2005

AVS0353

ALABAMA JUDICIAL DATA CENTER
FEE SHEET
CIRCUIT CIVIL                    CASE:CV 2005 000076.00

IN THE CIRCUIT COURT OF BULLOCK    COUNTY  JUDGE: HON. BURT SMITHART

GLENDORA TURNER, INDIV; ETC VS MERCK & CO., INC; ET AL
PATTY:SIZEMORE JAMES PAUL                     DATTY:
P. O. BOX 4160

MONTGOMERY, AL 36103

| CIVIL FEE SUMMARY | DATE | DATE | DATE | DATE | CONTINUATION | DATE | DATE | DATE | DATE |
|---|---|---|---|---|---|---|---|---|---|
| DOCKET FILING FEE | AMT | AMT | AMT | AMT | | AMT | AMT | AMT | AMT |
| SM (<)      $62.00 | | | | | OTHER SERVICES | | | | |
| SM (>)     $136.00 | | | | | COMMISSION ON SALE | | | | |
| DIST       $227.00 | | | | | JUDGEMENTS | | | | |
| CIRC       $226.00 | | | | | POST JUDGEMENT FEE | | | | |
| JU/CS      $119.00 | | | | | ATTACHMENTS | | | | |
| LAW LIBRARY TAX  2.00 | | | | | GARNISHMENTS | | | | |
| JURY DEMAND | | | | | EXECUTION | | | | |
| SERVICE FEES | | | | | APPEAL COSTS | | | | |
| EACH DEF OVER | | | | | LOWER COURT COSTS | | | | |
| CERT MAIL | | | | | OTHER | | | | |
| SUBPOENA EACH | | | | | COURT ADM FUND | | | | |
| ABND VEH    $37.00 | | | | | FAMILY COURT | | | | |
| WORKERS | | | | | SHERIFF'S FEE | | | | |
| COMP       $174.00 | | | | | TOTAL COSTS | | | | |

| CASH RECEIPTS/FROM | DATE RECEIVED | RECEIPT NUMBER | AMOUNT RECEIVED | GARNISHEE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| DISBURSEMENTS PAID TO | DATE PAID | CHECK NO | AMOUNT PAID |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CEC    06/27/2005

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93    Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>`C V 2 0 0 5 [ ] 7 6 [ ] . [ ]`<br>Date of Filing:    Judge Code:<br>`0 6` `2 7` `2 0 0 5`    [ ]<br>Month  Day  Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___Bullock County___ , ALABAMA
*(Name of County)*

___Glendora Turner___  v.  ___Merck & Co., Inc.___
Plaintiff                                    Defendant

**First Plaintiff**  ☐ Business  ☒ Individual    **First Defendant**  ☒ Business  ☐ Individual
             ☐ Government  ☐ Other                   ☐ Government  ☐ Other

---

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

☒ WDEA  -  Wrongful Death
☐ TONG  -  Negligence: General
☐ TOMV  -  Negligence: Motor Vehicle
☐ TOWA  -  Wantonness
☐ TOPL  -  Product Liability/AEMLD
☐ TOMM  -  Malpractice-Medical
☐ TOLM  -  Malpractice-Legal
☐ TOOM  -  Malpractice-Other
☐ TBFM  -  Fraud/Bad Faith/Misrepresentation
☐ TOXX  -  Other: _____

**TORTS: PROPERTY INJURY**

☐ TOPE  -  Personal Property
☐ TORE  -  Real Property

**OTHER CIVIL FILINGS**

☐ ABAN  -  Abandoned Automobile
☐ ACCT  -  Account & Nonmortgage
☐ APAA  -  Administrative Agency Appeal
☐ ADPA  -  Administrative Procedure Act
☐ ANPS  -  Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX  -  Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  -  Civil Rights
☐ COND  -  Condemnation/Eminent Domain/Right-of-Way
☐ CTMP  -  Contempt of Court
☐ CONT  -  Contract/Ejectment/Writ of Seizure
☐ TOCN  -  Conversion
☐ EQND  -  Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
☐ CVUD  -  Eviction Appeal/Unlawful Detainer
☐ FORJ  -  Foreign Judgment
☐ FORF  -  Fruits of Crime Forfeiture
☐ MSHC  -  Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  -  Protection From Abuse
☐ FELA  -  Railroad/Seaman (FELA)
☐ RPRO  -  Real Property
☐ WTEG  -  Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  -  Workers' Compensation
☐ CVXX  -  Miscellanous Circuit Civil Case

---

**ORIGIN** *(check one):*  F ☒ INITIAL FILING    A ☐ APPEAL FROM<br>DISTRICT COURT    O ☐ OTHER: _____

R ☐ REMANDED    T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☒ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

---

ATTORNEY CODE:
`S I Z d 0 4`    6/27/05    *Paul* _____
                 Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☒ UNDECIDED

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

| | | | | |
|---|---|---|---|---|
| JERE LOCKE BEASLEY | JOSEPH H. AUGHTMAN | *Attorneys at Law* | LARRY A. GOLSTON, JR. ▾ ≇ | ▾ ALSO ADMITTED IN ARIZONA |
| J. GREG ALLEN | DANA G. TAUNTON | | D. MICHAEL ANDREWS | ◻ ALSO ADMITTED IN ARKANSAS |
| MICHAEL J. CROW | J. MARK ENGLEHART ♦ | 218 COMMERCE STREET | MELISSA A. PRICKETT | ∇ ALSO ADMITTED IN FLORIDA |
| THOMAS J. METHVIN | CLINTON C. CARTER ⊙ ◦ ‡ | POST OFFICE BOX 4160 | JOHN E. TOMLINSON | △ ALSO ADMITTED IN GEORGIA |
| J. COLE PORTIS | BENJAMIN E. BAKER, JR. ▴ ≇ ⊕ ◦ | MONTGOMERY, ALABAMA | KIMBERLY R. WARD ▴ | ≪ ALSO ADMITTED IN MISSISSIPPI |
| W. DANIEL MILES, III | DAVID B. BYRNE, III | 36103-4160 | NAVAN WARD, JR. ⋅ | ⋅ ALSO ADMITTED IN MINNESOTA |
| R. GRAHAM ESDALE, JR. | TED G. MEADOWS ⋅ ‡ ≇ ▾ | (334) 269-2343 | WESLEY CHADWICK COOK | ⊛ ALSO ADMITTED IN NEW YORK |
| JULIA ANNE BEASLEY | GERALD B. TAYLOR, JR. ▾ ⋅ ‡ | | | ⊕ ALSO ADMITTED IN OHIO |
| RHON E. JONES | FRANK WOODSON | TOLL FREE | | ⊖ ALSO ADMITTED IN OKLAHOMA |
| LABARRON N. BOONE | KENDALL C. DUNSON ▴ | (800) 898-2034 | | † ALSO ADMITTED IN SOUTH CAROLINA |
| ANDY D. BIRCHFIELD, JR. | J. PAUL SIZEMORE ▾ | | OF COUNSEL: | ‡ ALSO ADMITTED IN TENNESSEE |
| RICHARD D. MORRISON ⋅ | SCARLETTE M. TULEY | TELECOPIER | BENJAMIN L. LOCKLAR | ≇ ALSO ADMITTED IN TEXAS |
| C. GIBSON VANCE | CHRISTOPHER E. SANSPREE ⋅ | (334) 954-7555 | P. LEIGH O'DELL | Σ ALSO ADMITTED IN WASHINGTON, D.C. |
| J. P. SAWYER ⋅ | ROMAN ASHLEY SHAUL ⊙ ⋅ ▾ | | | ▾ ALSO ADMITTED IN WEST VIRGINIA |
| C. LANCE GOULD | W. ROGER SMITH, III ⋅ ▾ ◦ ▾ | BEASLEYALLEN.COM | | |
| | | | JAMES W. TRAEGER | |
| | | June 24, 2005 | 1953-1987 | |
| | | | RONALD AUSTIN CANTY | |
| | | | 1963-2004 | |

JUN 2 7 2005

Wilbert M. Jernigan
Bullock County Circuit Court
217 N. Prairie Street
Union Springs, Alabama 36089

    ***Re:***    ***Glendora Turner v. Merck & Co., Inc., et al.***

Dear Mr. Jernigan:

    Please find enclosed a complaint in the above-referenced case to be filed in your court. I have included a check in the amount of $426.00 for filing fee. I have put pre-paid certified mail postage on each envelope to be served on the Defendants. I have also enclosed a copy of a complaint to be stamped and returned to me in the self-addressed stamped envelope. Please call me if you have any questions or problems.

    Sincerely,

    BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.

    Lisa W. Bruner
    Legal Assistant to
    J. PAUL SIZEMORE

/lwb
Enclosures