IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GLENDORA TURNER, Individually, and as Administratrix of the Estate of WILLIAM LEE TURNER, Deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2:05-cv-702-M |
| MERCK & CO., INC., a foreign Corporation, ANNE BRANDON, an individual, LAMONDE RUSSELL, an individual, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

RECEIVED
AUG 29 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## DEFENDANT MERCK & CO., INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY

Defendant Merck & Co., Inc. ("Merck") respectfully submits this reply to Plaintiff's Opposition to Merck's Motion to Stay.

### INTRODUCTION

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML"), acting pursuant to 28 U.S.C. § 1407, issued an order establishing an MDL, styled as *In re VIOXX Products Liability Litigation*, MDL No. 1657, in the Eastern District of Louisiana to coordinate pretrial proceedings for the federal VIOXX® lawsuits. *See In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352

(J.P.M.L. 2005). In its order establishing an MDL Proceeding, the JPML stated that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." *Id.* at 1354. The JPML further stated that "[t]he pendency of a motion to remand to state court is *not* a sufficient basis to avoid inclusion in Section 1407 proceedings . . . Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38." *Id.* (emphasis added). Judge Fallon, who is overseeing the VIOXX® MDL, is already preparing to review motions to remand and has indicated that the MDL Court will deal with remand motions as a group. Judge Fallon explicitly addressed the efficiencies associated with the MDL Court ruling on the overlapping issues presented in the motions to remand filed in this and other cases in his June 23, 2005 status conference:

> There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. The [r]ule of [l]aw is really based on consistency. If different decisions are made by numerous judges, then you have no consistency and no predictability and no one knows exactly what to do or how to do it. It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter.

Excerpt from transcript of June 23, 2005 status conference before the Honorable Eldon E. Fallon (attached hereto as Exhibit A).

2

Consistent with the goals of the VIOXX® MDL court, Merck promptly notified the JPML by letter dated August 5, 2005 that this case should be transferred to the MDL as a "tag-along" case. (*See* Exhibit B). The MDL Panel has been issuing conditional transfer orders regularly, transferring hundreds of additional related cases to Judge Fallon based upon the information in these tag-along letters. Included among the cases already transferred to the MDL are cases from Alabama district courts raising the issue of fraudulent joinder of sales representatives identical to those in this case. Merck expects a conditional transfer order to be issued by the MDL Panel in this action shortly. Assuming Plaintiff does not object within the 15-day period set forth in Judicial Panel on Multidistrict Litigation Rules of Procedure ("J.P.M.L.R.P.") 7.4(c), the transfer order will be filed in Judge Fallon's court upon expiration of that period and will become final.[1]

Recognizing these principles, numerous other Alabama federal district courts have stayed VIOXX® cases pending transfer to the MDL. Some of those stays have been issued despite pending motions to remand. (*See* Selected Alabama Stay Orders, attached hereto Exhibit C). Of particular importance, several of the cases already stayed pending transfer to the MDL court raise fraudulent joinder

---

[1] In the event Plaintiff chooses to object to transfer to the MDL court, there is a separate procedure for filing her objection and papers objecting to transfer with the MDL Panel. The issue whether the case should be transferred would be set for the next available Panel hearing session.

3

issues identical to those before this Court. Nothing in Plaintiff's Opposition to Merck's Motion to Stay undermines the appropriateness of a stay here.

## ARGUMENT

Many courts have recognized that the best way to ensure that MDL proceedings achieve their statutory goals of efficient, coordinated proceedings is by staying litigation pending transfer to the MDL court, including the consideration of remand motions. This is particularly true where, as here, the issues raised by Plaintiff's remand motion are similar to those raised in other cases that have been transferred or are likely to be transferred to the same MDL proceeding. For these reasons, more than 900 stay orders have already been granted in VIOXX® cases, including approximately 125 cases in which remand motions were pending.[2]

---

[2] *See, e.g., Olson v. Merck & Co., Inc.,* No. 05-01256 (N.D. Cal. May 11, 2005); *Booker v. Merck & Co., Inc., et al.,* No. 5-496 (N.D. Tex. May 9, 2005); *Bess v. Merck & Co., Inc.,* No. 05-568 (E.D. Mo. May 3, 2005); *Laney v. Merck & Co., Inc.,* No. 05-1615 (E.D. Pa. Apr. 27, 2005); *Diaz v. Merck & Co., Inc.,* No. 05-239 (M.D. Fla. Apr. 26, 2005); *Johnson v. Merck & Co., Inc.,* No. 05-1096 (W.D. Tenn. Apr. 22, 2005); *Vigil v. Merck & Co., Inc.,* No. 05-233 (M.D. Fla. Apr. 20, 2005); *Dollar v. Merck & Co., Inc.,* No. 05-60375 (S.D. Fla. Apr. 18, 2005); *Peter v. Merck & Co., Inc.,* No. 05-1089 (W.D. Tenn. Apr. 12, 2005); *Core v. Merck & Co., Inc.,* No. 04-1367 (N.D.N.Y. April 6, 2005); *Cooke v. Merck & Co., Inc.,* No. 05-56 (N.D. Fla. Apr. 4, 2005); *Serrano v. Merck & Co., Inc.,* No. 05-170 (M.D. Fla. Mar. 29, 2005); *Hendrix v. Merck & Co., Inc.,* No. 05-178 (E.D. Ark. Mar. 18, 2005); *Conti v. Merck & Co., Inc.,* No. 05-60087 (S.D. Fla. Mar. 11, 2005); *McCrerey v. Merck & Co., Inc.,* No. 04-2576 (S.D. Cal. Mar. 3, 2005); *Hankins v. Merck & Co., Inc.,* No. 04-1525 (E.D. Ark. Feb. 28, 2005); *Dixon v. Merck & Co., Inc.,* No. 05-121 (S.D. Tex. Feb. 23, 2005); *West v. Merck & Co., Inc.,* No. 05-227 (E.D. Pa. Feb. 15, 2005); *Benoit v. Merck & Co., Inc.,* No. 05-118 (N.D. Ill. Feb. 15, 2005); *Wright v. Merck & Co., Inc.,* No. 04-3037 (D. Ariz. Jan. 28, 2005); *McNichols v. Merck & Co., Inc.,* No. 04-23064 (D.S.C. Jan. 12, 2005); *Pace v. Merck & Co., Inc.,* No. 04-1356 (D.N.M. Jan. 10, 2005); *Houston v. Merck & Co., Inc.,* No. 04-2188 (D.D.C. Jan. 7, 2005); *Nevels v. Merck & Co., Inc.,* No. 04-952 (W.D. Mo. Dec. 27, 2004); *Pagan v. Merck & Co., Inc.,* No. 04-8959 (S.D.N.Y. Dec. 27,

Among those cases stayed or otherwise transferred despite pending motions to remand are the following Alabama cases in which the legal issue of the fraudulent joinder of sales representatives will be presented to the VIOXX® MDL court upon transfer: *King v. Merck et al.*, CV-05-165-T, Middle District of Alabama; *Sistrunk v. Merck, et al.*, CV-05-255-WHA-SRW, Middle District of Alabama; *Jones v. Merck, et al.*, CV-05-427-RDP, Northern District of Alabama; *Woods v. Merck, et al.*, 05-0425-CG-M, Southern District of Alabama. In *King*, Your Honor chose to stay that case pending transfer to the MDL proceeding despite a pending motion to remand. *See* Exhibit C. *King* is now part of the MDL proceeding, where Judge Fallon will eventually consider the motion to remand.

Moreover, in the *Woods* case, Judge Granade recently stayed a VIOXX® case with a motion to remand pending, and over the objection of plaintiff's counsel, explaining:

> The existence of jurisdictional objections do [sic] not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action.
>
> . . .

---

2004); *Fairchild v. Merck & Co., Inc.*, No. 04-420 (E.D. Ky. Dec. 21, 2004); *Deck v. Merck & Co., Inc.*, No. 04-7729 (N.D. Ohio Dec. 20, 2004); *Hunter v. Merck & Co., Inc.*, No. 04-2518-CM (D. Kan. Dec. 20, 2004); *Carvallo v. Merck & Co., Inc.*, No. 04-22916 (S.D. Fla. Dec. 14, 2004); *Benavides v. Merck & Co., Inc.*, No. 03-134 (S.D. Tex. Dec. 8, 2004); *Perkins v. Merck & Co., Inc.*, 4:04-cv-1446 HEA (E.D. Mo. Dec. 2, 2004).

> When jurisdictional issues are raised that may arise 'in hundreds or even thousands of cases throughout the nation . . . consistency as well as economy [are] . . . served' by having those issues decided by a single court. Consequently, a stay is proper where the motion to remand raises issues that have been or are likely to be decided by the transferee court.
>
> The jurisdiction issue in this case is whether the individual defendants, who are current or former sales representatives . . . were fraudulently joined to defeat subject matter jurisdiction. Motions to remand involving fraudulent joinder have been addressed numerous times by the transferee court.

*Woods v. Merck & Co., Inc. et al.*, CV-2:05-cv-425-CG-M (S.D. Ala. August 17, 2005) *quoting Beverly v. Wyeth, et al.*, 03-cv-0866-CB-C (S.D. Ala. 2004) (internal citations omitted) *see* Exhibit C. Additional cases involving the same fraudulent joinder issues are currently pending in Alabama federal courts awaiting a decision on transfer to the MDL. As this litigation continues to grow, more cases of a similar nature are certain to be added to this number.

These decisions are consistent with the bulk of authority on this issue. Indeed, in considering this question, at least one court has concluded that "the general rule is to defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case to the MDL [court]." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). *See also, Nekritz v. Canary Capital Partners, LLC*, No. Civ. 03-5081, 2004 WL 1462035, at *5 (D.N.J. Jan. 12, 2004) (granting stay and denying

remand motion where defendants moved the MDL Panel to have cases transferred to a single district but it had not yet acted); *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003) (granting a stay pending the decision by the JPML to coordinate and consolidate the action); *Michael v. Warner Lambert Co.*, 03-cv-1978, 2003 U.S. Dist. Lexis 21525, at *8 (S.D. Cal. Nov. 20, 2003) ("courts regularly stay proceedings and defer to the MDL judge to avoid potentially inconsistent rulings on remand motions").

Because plaintiffs' counsel in Alabama repeatedly name sales representatives as defendants in an effort to avoid federal jurisdiction, Merck has had to repeatedly remove cases and argue fraudulent joinder. In Alabama alone, these removals have been assigned to many different district court judges. There is no consistency, therefore, with regard to the potential rulings or the rulings that will follow on the many VIOXX® cases yet to be filed. For purposes of judicial efficiency, the MDL court has agreed to consider remand motions and apply its decision on remand uniformly. The court will be fully briefed on Alabama law and can apply one standard to all of the cases it will have before it. It plainly does not promote efficiency or uniformity to have numerous federal judges in Alabama repeatedly be faced with ruling on motions to remand as this litigation grows rather than allowing Judge Fallon to hear those motions and apply a uniform approach to all of them. Accordingly, it is appropriate for this Court to stay the pending case,

which will transfer the present motion to remand for consideration by the MDL Court along with the other motions to remand already pending before that court. Only in that way, can the MDL goals of efficiency and consistency of result be achieved.

## CONCLUSION

In sum, because Plaintiff's remand motion raises the same issues as a number of remand motions in other VIOXX® cases already before the MDL court, the appropriate course is to defer consideration of this motion so that the MDL court can decide jurisdictional issues in a coordinated manner. Therefore, this Court should grant Merck's motion to stay and refer the motion to remand to the MDL court to conserve judicial resources and ensure the uniform resolution of this and similar remand motions filed by other plaintiffs without resulting in any prejudice to this Plaintiff.

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding based in the Eastern District of Louisiana.

DATED this 29th day of August, 2005.

_____
One of the Attorneys for Defendant,
Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock
Benjamin C. Wilson
R. Austin Huffaker, Jr.
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 263-4157

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 29th day of August 2005 as follows:

Andy D. Birchfield, Jr.
J. Paul Sizemore
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

_____
OF COUNSEL